The next case for argument is 23-1825 Agarwal v. Department of Transportation. May it please the court, George Chusey for petitioner. The board affirmed petitioner's removal deferring to credibility determinations made by the administrative judge. Those determinations are contrary to 40 years of jurisprudence and must be reversed. Since its inception, the board and this court on review of the board have consistently defined the circumstances in which an AJ's credibility determination can constitute substantial evidence under 7703C. Briefly stated, an AJ is allowed to consider a witness's credibility only when there is conflicting testimony. An unsworn hearsay statement can be credited over live testimony only if it is corroborated by other credible evidence. In this case, the AJ simply ignored those principles when she found the supervisor's description of a question she asked petitioner to be more credible than petitioner's testimony because it was supported by statements in the proposal. That finding inexplicably ignored that the supervisor's testimony regarding the question she asked was in fact totally consistent with petitioner's testimony. Given that the testimony regarding the question asked was not in conflict, there was no credibility determination to be made. Can I, I'm very, I mean we're not fact finders here, so I'm not sure I want to spend the rest of my life going through the facts here, but I was quite confused by what, can you tell us what evidence you're talking about here? What evidence he was not allowed to credit the testimony of Mrs. Gerland versus the petitioner on? Yes, yes judge. Element one of the charge that led to petitioner's removal was that Gerland asked petitioner whether she had ever destroyed a document presented to her. Petitioner alleged and that petitioner denied doing so. Petitioner claimed in her reply and in testimony at the hearing that that was not the question that Gerland actually asked her. The question that Gerland asked her was whether she had destroyed a document that she refused to sign. As opposed to one that she had signed and then destroyed? Yes, and you have to understand judge. Petitioner was the secretary of the agency, the Maritime Administration. And is that because in this record we're talking about several different instances that people got confused about? No, I don't think. Okay, so it's just a matter of whether or not she destroyed a document that she had signed versus one that she hadn't signed? Well, yes, she is authorized. In her capacity as secretary, petitioner signed documents. Among them were withdrawal requests which allowed companies to withdraw funds from accounts controlled by the agency. The agency admitted that if she inadvertently signed such a document, she was authorized to destroy it. Because otherwise the withdrawal request could be honored when it was inappropriate to do so. So the difference between destroying a document that you refused to sign and destroying a document that you had been authorized to destroy is critical here. So you're saying that when she was asked the question, it was a different question. It was a question about whether you had destroyed a document that you had refused to sign? Correct. And did the supervisor misunderstand that? No, the supervisor understood it precisely. Why the supervisor undirected... And what is her position? That she only destroyed a document that she had signed? Yes. That she was authorized to do and that the agency is not holding her responsible for. The agency is only holding her responsible for signing a document that she refused to sign. So for destroying a document that she refused to sign, is that what you meant? She did not. I feel like we're saying who's on first. Okay, so let me just ask you a question. Sure. You talk about in the briefing as Attachment 1 and Attachment 3. I feel like that's in the briefing a lot. Correct. Can you just tell us clearly, did she destroy Attachment 1? Yes. I'll start there. And she admitted that she destroyed Attachment 1. And in her testimony... And was it signed? Did she destroy it? It seems to be a big deal whether she destroyed a signed document or an unsigned document. Yes, she testified clearly. And in fact, Simmons, the unsigned... Just give me the answer. Yes, she signed it and then realized that she should not have signed it and destroyed it. Okay, so that's Attachment 1. Yes. Let's turn to Attachment 3. Yes. Can you speak to answer those same questions about destruction and signing? Petitioner testified at the hearing that Simmons gave her Attachment 3 and she looked at it and it was inappropriate. So she handed it back to Simmons and she did not destroy Attachment 3. And there was contradictory... There was no contradictory testimony to that effect. So your main thing... The argument you started with is that there's never been this kind of evidentiary holding in decades, is that she testified only that she did not destroy a document that was not signed. Which is the charge that she is being held responsible for... Can you show me where in the proposed removal that she was charged with destroying a document that she refused to sign? Well, the decision says that she... No, no, no. You know what the proposed removal is. I'm sorry, yes. Show me in the proposed removal where she was charged with what you're saying she was charged with, i.e. destroying a document she refused to sign. The charge... Lying about it. Because the trux here is not the actual description. It's lying to Ms. Gerland, right? Yes. So show me in the proposed removal where it lines up with the charge you're saying was made against her. The proposed removal does not refer to Attachment 3. The proposed removal charges her with untruthfully saying that she did not destroy a document that was presented to her. In order for that charge to be accurate, A, the question must have been the one that she asked, and B, Petitioner's response must have been untruthful. And so the only... So if she destroyed a document that was presented to her and then lied about it to Ms. Gerland, the charge is supported, right? Yes. And Ms. Gerland testified that that's what she heard, and then... No. Ms. Gerland testified both on... No, you got Ms. Gerland to admit on cross to something that wasn't in the proposed removal about the charge. Throughout this case, it's about lying about destroying a document. No. That's what the proposed removal says. Yes, but... You can't recreate the charge during cross-exam during a hearing. Ms. Gerland admitted, and it was only... The administrative judge spent a page and a half clarifying the question that Ms. Gerland actually asked. And the question Gerland actually asked was, did you destroy a document presented to you that you refused to sign? That's the question Gerland admitted she asked. And that's why a credibility determination, finding her statement in the proposal was more credible than the petitioner's denial, is simply, under Tudor, it's unjustifiable. But wait, but if the story... So under your view of what went on here, why didn't she then say, well, what she meant was she didn't refuse to sign a document, she didn't destroy a document that she had not already signed? She said that.  On pages 146 to 147 in response to the proposed removal. No, no. The proposed removal, she said in her reply to the proposed removal, and this is at page 61, that when Gerland asked her if she had destroyed a document she had refused to sign, petitioner said, I told her that I destroyed a document that I had signed. And Gerland said, we're not talking about that. We're talking about a document that you refused to sign. And that's what the judge spent a page and a half clarifying with Gerland, who admitted that that was the question that she was asked, that she asked petitioner. It's fundamental to the... And Simmons in her statement said that she's ripped up a document. Absolutely. Another one. Simmons says that... Why isn't that substantial evidence? Because under Bornenkopf, which a 1981 case, which this court has accepted, hearsay evidence such as Simmons' statement, it has to be evaluated in terms of, number one, was it sworn? It was not. Number two, was the witness available to testify? She did not. She was available. She did not testify. Number three, was the evidence inconsistent with any testimony? Yes. Petitioner denied at the hearing. And the administrative judge didn't believe the petitioner. I'm sorry? The administrative judge didn't believe the petitioner. The judge made credibility findings, saying essentially that her testimony was evasive and inconsistent. That was not with respect to attachment three. That was with respect to the first part of it, which was the question asked. But even then, Judge... Can you point us to where the evasive and inconsistent part is just limited to a given document? I want to at least make sure I follow the argument you're making with respect to that. The evasive and inconsistent was with respect to the question with respect to petitioner's testimony regarding elements two and three. In other words, there was a subsequent meeting with Gerland, and Gerland accused petitioner of not being totally forthcoming and then trying to manipulate her into not investigating further. But, Judge, in the Valerius Simons case, which is a board decision, which I cite in my reply brief, the board held clearly that even if a judge were to find the appellant not credible, there must be credible live testimony to oppose it. That's a board decision, which they don't cite here. The board doesn't cite borning cough. The board doesn't even use the term hearsay to describe Simons' statement. What I'm suggesting with respect to element one is that the board's decision to affirm element one based on a hearsay statement from a witness who was not called and is... But it's also based on Gerland's testimony. Gerland had no first-hand knowledge whether attachment three was destroyed or not. She heard it from Simons. Double hearsay. But the board's allowed to rely on hearsay. The AJ had Gerland before him or her and was able to assess Gerland's credibility. Not with respect to whether petitioner destroyed attachment three. Okay. But, you know, before I leave this, Judge, if the court were to hold that an unsworn statement from a witness who was available but did not testify that is directly contradicted by live testimony to the contrary, that would be an extraordinary decision. Okay. Well, you're into rebuttals. So can I ask you one housekeeping, though, before you leave, which is this all went down almost 10 years ago. So what relief are you seeking here? Reinstatement and back pay, Your Honor. Okay. Thank you. Good morning. May it please the court. The board correctly sustained Ms. Agarwal's removal for conduct demonstrating untrustworthiness. The board's findings are supported by substantial evidence and this decision affirming would not contradict any longstanding precedent. So do you appreciate and understand the argument your friend's making with respect to the inability of the AHA to assess credibility in these circumstances? Can you respond to that? Yes, Your Honor. So I'd like to take a step back if you'll let me because I have to explain there's two different documents here and two different incidents. Ms. Simmons, according to Ms. Simmons' statement, which we acknowledge is an unsworn hearsay statement, in September 2014, there was a document she identified as Attachment 1. Ms. Agarwal signed that document, then looked at it and said, oh, I shouldn't have signed that, and shredded it. That incident is really not the basis for what happened here. Then Ms. Simmons said in October 2014, I brought a document to Ms. Agarwal. This document had a different format. Ms. Agarwal did not sign it and then destroyed it. So when Ms. Gerland then heard about this and asked Ms. Agarwal, did you destroy a document presented to you for signature, they seemed to be making the argument that there was some confusion over whether she should say yes or no, but she's always said no. I destroyed unsigned documents. If the question was, as my friend puts it, the question that Ms. Gerland asked was, did Ms. Agarwal destroy a document that she refused to sign? That's a more specific question. She's always said the answer to that was no, and should be no, because she denies destroying Attachment 3 entirely without qualification. She's always denied destroying Attachment 3. Now Ms. Simmons said that's not what happened. She destroyed Attachment 3. One of the arguments your friend is making is that since Ms. Simmons didn't testify, there was no competing testimony on that point, and therefore the AJ couldn't find that the petitioner was not credible. Yes, and that is not legally correct. This court has held numerous times, and the MSPB has held numerous times, that hearsay evidence is sufficient to be both preponderant evidence and substantial evidence. This court's decision in Culey is instructive on that. But on the question of credibility, though, was he assessing the credibility of Ms. Garland's reliance on hearsay testimony versus the petitioner? No, Your Honor. Or just the weighing of the credibility? The AJ made some interrelated findings. The first one was that the main one that drove all this is that Ms. Agarwal was not credible. Ms. Agarwal testified in her own defense, and the AJ found her to be occasionally argumentative, defensive, evasive, to have a difficulty answering questions directly. So the AJ, throughout the opinion, made reference to that and took that into account and did not find her version of events, and the board agreed with that, and did not find her version of events probable. Related to that is that Ms. Garland testified in person and was found to be that her version of events, as she put forth in the proposed removal, even though she wasn't an eyewitness to the actual tearing, the AJ found Ms. Garland testified in a calm and forthright manner, and that her version of events, and even though she didn't witness the tearing, she certainly was an eyewitness to events that she found demonstrated conduct, demonstrating untrustworthiness, such as that even though when she raised this issue to Ms. Agarwal, Ms. Garland testified she didn't identify what the document was, who had brought it, who had complained. Ms. Agarwal immediately seemed to know what document was at issue, which would seem to suggest, if she had really denied it and not done anything, how would she know who had complained about her? So Ms. Garland found that very relevant. Ms. Garland also went to speak to them later. Did the AJ make specific demeanor-based credibility determinations about Ms. Garland as well? Yes, she did, Your Honor. The AJ found that Ms. Garland testified in a calm and forthright manner. And didn't base credibility determinations on the unsigned document. It's just evidence of what occurred. The AJ found that because of how Ms. Agarwal testified and because she never referenced Attachment 3, that Ms. Simmons' version in the statement was the credible version as compared to what Ms. Agarwal was testifying about. So, but it wasn't just, I mean, this is not just a question of But we can't, I mean, when we talk about credible evidence, we're talking about it in two different ways, right? You can't give a demeanor-based credibility determination to an unsworn statement of somebody that didn't testify. Yes, that's correct. We're not arguing The AJ can use that as preponderant evidence in support of his or her ultimate conclusion. Yes, that is correct. It is well established that before the board, hearsay is admissible and it can constitute preponderant evidence. The question is, does it have this reliability and trustworthiness that makes it preponderant? The second issue here is, is that substantial evidence, which is a lower standard, and it's also well established in Cooley and recently in Valles-Sanders, this court has repeatedly held that hearsay can certainly constitute the substantial evidence, even without corroboration, as long as the circumstances give it credibility and probative value. So my friend's arguments are sort of going back to as if we were at the board level again and saying, the Vortica factors should have been applied differently, all of the statements should have had less weight, Ms. Adderall's testimony should have been believed more. That's not the realm we're at. The question is, is there substantial evidence supporting the board's decision here? And all of that, as the AJ laid out in great detail, certainly support that there is substantial evidence here. If we were to set aside the Simmons statement, do you still believe that there's substantial evidence support for the decision? I would say yes, Your Honor, because the Simmons statement simply goes to the actual tearing. The charge is about her whole conduct in this episode in general, not just tearing a document, but how she... Well, a large part of the charge is not tearing, but lying about not tearing. Yes, correct, Your Honor. And so if that goes out under Judge Cunningham's question, what are we left with? Well, if it was believed that she didn't tear it, there would still be a question of why she was... why she was approaching Mr. Ladd and Ms. Simmons in this manner to confront them, to bully them, and to manipulate them. I suppose it could seem more reasonable if she was angry about being accused of tearing something that she didn't tear, but it was more of a... really, in overall, the way she managed the situation of simply perhaps doing something unprofessional and digging, digging, and how she mismanaged it with lying to her... how she communicated to her supervisor, how she approached Ms. Ladd and Ms. Simmons, and then the third one, going back to Ms. Gerland and saying, I talked to them, you don't need to look into it further, which, again, Ms. Gerland found very suspicious and needing to be followed up on. So we're not... I don't... They don't seem to be making any arguments about the penalty or things like that. So to go to your question, I mean, it's hard to say from all the things that happened, if one went, what the rest of it would be, but it's more than just, you can't tear a document. Like, that's not simply the basis for the charge. What about opposing counsel's statements about saying that the AJ really limited the evasiveness statements to just a portion of the charge as opposed to the entirety of that? Can you respond to that? Yes, well, first of all, that appears to be a new argument that I did not see in the brief, but I do not believe that is correct. If you read in the AJ's opinion, the demeanor-based credibility findings are scattered throughout the opinion and were certainly not just limited to one element. It was all... The AJ made demeanor-based credibility findings throughout to explain why she did not believe Ms. Agrawal's contentions about why she behaved in a certain way, like why she went to confront the two other employees, why she spoke to Ms. Gerland in a certain way, why she was denying it. So it was not simply limited to that element. And also, the argument that there was no credibility determination needed under the board case tutor is not correct. There's really an inordinate amount of weight being placed on what the question was, and that's illogical because she's never testified there was some confusion or she should have answered differently or if she had understood the question better, she would have answered differently, and therefore she shouldn't have been charged with this. She's not making those arguments. Even if the question was, did you destroy a document presented for you for signature that you refused to sign, she would say the answer is no. I did not deny it. And she testified that she didn't destroy it. And that was not believed based on credibility. So if there's some concurrence in the question, that doesn't mean there was not a need for credibility to findings about the truth of the answer. It's really about her answer and then how she managed it afterwards. That was the basis for the charge. So again, the citation to various board cases where in each specific circumstance hearsay might have been found to be less credible or for various, sometimes these bizarre cases, it's hard to, you know, the AJ or the board focused on one type of testimony over the other. There is no per se rule that hearsay cannot be preponderant evidence and it certainly can be substantial evidence. So hearing no further questions, I will conclude and say this court should affirm. Thank you. We'll restore two minutes of rebuttal if you need it. Thank you, Your Honor. It's still hard for me to understand how an answer to a question can be deemed untrustworthy if the person who did the listening admitted that that was not the question she asked. In order for the board to have decided that Petitioner destroyed Attachment 3, in his statement, Ladd, Simmons' supervisor, refers to one document that he and Simmons took to Kabaczynski to sign after Petitioner destroyed it. That document was Attachment 1. Simmons is talking about Attachment 3. She says that she and Ladd took Attachment 3 to Kabaczynski to sign after Petitioner destroyed it, which the judge and the board accept. The agency admitted in Admission No. 51 at page 102 of the appendix that the document that Simmons says Ladd and her and she took to Kabaczynski was not Attachment 3. That's an agency admission. There is no evidence in the record whatsoever aside from Simmons' statement that Petitioner destroyed any unsigned document, particularly Attachment 3. And I agree with the agency. If, in fact, we toss out Element 1, there's nothing left of this case because her testimony at the hearing was forthright. In answer to your question, Judge Cunningham, the board cited a page of testimony in which Petitioner was evasive. That page of testimony is Appendix Page 139. I indicate this in my brief. Page 139 has no evidence whatsoever that Petitioner is evasive. She's asked a question, and she answers it. Can I just ask you one last question because I know we're over time? Did Ms. Adderall amend her meeting with Gerland to destroying Attachment 1? She was not asked about it. Well, during her meeting with Gerland, Gerland never referenced Attachment 1 or Attachment 3 because those were not in the record at that time. She asked whether she had ever destroyed a document she refused to sign, and Petitioner volunteered that she destroyed a document that she had signed. And Gerland said, I'm not talking about a document that you signed. I'm talking about a document you refused to sign. We learned later when the proposal was issued that Attachment 1 and Attachment 3 were at issue, and Petitioner at that point said, I destroyed Attachment 1. The agency still argues that she didn't refer to Attachment 3 in her reply. She's not required to. The board has been clear that it's the agency's burden of proof, and she is not obligated to tell. She could have no reply, and that would not be held against her. Thank you. We thank both sides. The case is submitted.